IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RITA MITCHELL, et al.,
   Plaintiffs,
     v.
ADP, INC.,
   Defendant.

CIVIL ACTION FILE
NO. 1:12-CV-1074-TWT

ORDER

This is a class action for wrongfully withheld wages. It is before the Court on the Defendant's Motion to Dismiss [Doc. 5] and the Plaintiffs' Motion to Remand [Doc. 12]. For the reasons set forth below, the Court GRANTS the Plaintiffs' Motion to Remand [Doc. 12]. The Defendant's Motion to Dismiss [Doc. 5] is DENIED as moot.

I. Background

Rita Mitchell, LaTonya Reed, and Ami Redwine are employees of Family Bridge Healthcare Services. ADP, Inc. performs paycheck processing services for Family Bridge. On December 21, 2011, Mitchell, Reed, and Redwine (collectively, the "Plaintiffs") filed this lawsuit against Automatic Data Processing, Inc. ("Automatic Data") in the State Court of Gwinnett County [see Doc. 12-2]. The

Plaintiffs alleged that the Defendant illegally withheld money from the Plaintiffs' paychecks to pay for workers compensation insurance. The Plaintiffs sought wrongfully withheld wages on behalf of themselves and a class of "all citizens of Georgia who worked in Georgia and who received a paycheck processed by ADP that included a deduction for payment of workers compensation." (Compl. ¶ 17; Doc. 12-2.) Automatic Data was served on December 22, 2011.

On January 10, 2012, Automatic Data's counsel contacted the Plaintiffs by email and indicated that the Plaintiffs had sued the wrong company [Doc. 12-4]. Defense counsel stated that ADP, Inc. ("ADP") was the correct name for the entity that performed the disputed payroll services. Automatic Data is a "sister corporation [of ADP] with essentially no operations" [id.].

The Plaintiffs then filed a motion to substitute defendants. On February 23, 2012, the state court granted the Plaintiffs' Motion to Substitute ADP for Automatic Data [Doc. 1-2]. On February 28, 2012, the Plaintiffs filed their First Amended Complaint substituting ADP for Automatic Data [Doc. 1-3]. All other allegations in the Amended Complaint are the same. On March 29, 2012, the Defendant removed the case to this Court under the Class Action Fairness Act ("CAFA"). See 28 U.S.C. § 1332(d)(2). Then, on April 5, 2012, the Defendant filed a Motion to Dismiss [Doc. 5]. The Defendant contends that the Plaintiffs should have sued Family Bridge.

Further, the Defendant argues that ADP had no duty to ensure that deductions from that Plaintiffs' paychecks were legal.

On April 30, 2012, the Plaintiffs filed a Motion to Remand [Doc. 12]. The Plaintiffs argue that ADP's removal was untimely and that there is less than $5 million in controversy. See 28 U.S.C. § 1332(d)(2) (allowing removal of certain class actions with more than 100 class members and more than $5 million in controversy).

## II. Legal Standards

### A. Subject Matter Jurisdiction Standard

A complaint should be dismissed under Rule 12(b)(1) only where the court lacks jurisdiction over the subject matter of the dispute. FED. R. CIV. P. 12(b)(1). Attacks on subject matter jurisdiction come in two forms: "facial attacks" and "factual attacks." Garcia v. Copenhaver, Bell & Assocs., M.D.'s, 104 F.3d 1256, 1261 (11th Cir. 1997); Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990). Facial attacks "require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." Lawrence, 919 F.2d at 1529 (quoting Menchaca v. Chrysler Credit, 613 F.2d 507, 511 (5th Cir. 1980)). On a facial attack, therefore, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion. Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981).

"'Factual attacks,' on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" Lawrence, 919 F.2d at 1529 (quoting Menchaca, 613 F.2d at 511). The presumption of truthfulness does not attach to the plaintiff's allegations. Id. Further, "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Scarfo v. Ginsberg, 175 F.3d 957, 960-61 (11th Cir. 1999).

B.   Failure to State a Claim Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citations and quotations omitted). In ruling on a motion to dismiss, the court must accept factual allegations as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v.

Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 550 U.S. at 555).

III. Discussion

A. Motion to Remand

First, the Plaintiffs argue that ADP's removal was untimely. The federal removal statute provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). "As time limitations in removal statutes are mandatory and strictly construed in accordance with Rule 6 of the Federal Rules of Civil Procedure, the failure to comply with time requirement of Section 1446(b) is a defect causing 'improvident' removal." Noble v. Bradford Marine, Inc., 789 F. Supp. 395, 397 (S.D. Fla. 1992). Further, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

The Plaintiffs argue that the original Complaint, served on Automated Data on December 22, 2011, is the "initial pleading" for purposes of § 1446(b)(1). There does not appear to be any controlling Eleventh Circuit caselaw. The District Court cases and the commentators agree with the Plaintiffs. In Iulianelli v. Lionel, L.L.C., 183 F. Supp. 2d 962 (E.D. Mich. 2002), the plaintiff filed its original complaint in state court against "Lionel Trains, Inc." The defendant filed a motion to dismiss, arguing that the plaintiff sued the wrong defendant. The correct defendant was "Lionel, L.L.C." Subsequently, the plaintiff filed an amended complaint, substituting Lionel, L.L.C. as the defendant. Twenty-seven days after the amended complaint was filed, Lionel, L.L.C. removed the case to federal court. The plaintiff filed a motion to remand, arguing that the 30 day removal period had begun on the day Lionel Trains, Inc. received the initial complaint, *not* the date Lionel, L.L.C. received the amended complaint. The court remanded the case, reasoning that "[l]ong before this case was removed, and perhaps even at its inception, Defendant and its counsel were aware that Plaintiff had misidentified Lionel Trains as his employer, and that Lionel, L.L.C. was the proper party." Id. at 968. The court noted that Lionel Trains, Inc. and Lionel, L.L.C. were closely related. Further, the agent for Lionel Trains, Inc. worked at the same law firm as counsel for Lionel, L.L.C. "Thus, the record not only suggests that Defendant was on notice of this litigation from its earliest days, but strongly indicates

that Defendant had actual knowledge of *both* the initial complaint *and* Plaintiff's error in naming Lionel Trains as a party." Id.

Similarly, in Noble v. Bradford Marine, Inc., 789 F. Supp. 395, 397 (S.D. Fla. 1992), the plaintiffs sued Bradford Marine, Inc. for damages caused by a fire. The plaintiffs subsequently amended their complaint to add Prime Time Charters, Inc. as a defendant. Ten months after Bradford Marine had been served with the original complaint, but within 30 days after Prime Time had been served, Prime Time removed the action to federal court. *Sua sponte*, the court remanded the case, holding that the time for removal began when Bradford Marine was served with the initial complaint. The court reasoned that Bradford Marine's "failure or waiver of the removal right . . . [was] binding on Prime Time, the subsequently added Defendant, since the Plaintiff[s'] amendment did not change the nature of the 'action as to constitute substantially a new suit begun that day.'" Id. at 397 (quoting Wilson v. Intercollegiate (Big Ten) Conference Athletic Assoc., 668 F.2d 962, 965 (7th Cir. 1982)) (quotations omitted); see also First Nat'l Bank & Trust Co. in Great Bend v. Nicholas, 768 F. Supp. 788, 791 (D. Kan. 1991) (quoting 1A MOORE'S FEDERAL PRACTICE ¶ 0.168[3-5-6] at 594-95 (1991)) ("If the action was originally removable, but was not removed, an amendment of the claims or the addition or substitution of defendants will not make the case again removable for purposes of the time limitations, unless the

amendment or the addition of the new defendant gives rise to another basis for removal.").

Here, ADP and Automatic Data are closely related [see Doc. 12-4]. Indeed, both share the same counsel, registered agent, and office address. See Iulianelli, 183 F. Supp. 2d at 968 (noting agent for original defendant worked at same law firm as counsel for substituted defendant). Further, the January 12th email not only suggests that the Defendant was on notice of this litigation from its earliest days, but strongly indicates that the Defendant had actual knowledge of both the initial complaint and Plaintiffs' error in naming Automatic Data as a party. Id. Finally, the initial Complaint was just as removable as the Amended Complaint.[1] Other than the substitution of ADP for Automatic Data, the two pleadings contain the same allegations. See Noble, 789 F. Supp. at 397 (quoting Wilson, 668 F.2d at 965) (finding time to remove began with receipt of original complaint because "amendment did not change the nature of the action as to constitute substantially a new suit begun that day."); see also Nicholas, 768 F. Supp. at 791(noting that amendment substituting defendants will not delay time limitations for removal unless amendment *gives rise*

---

[1]ADP argues that Noble and Iulianelli do not apply because in both cases, the initial complaint was removable. As discussed below, however, the original Complaint here was just as removable as the Amended Complaint.

to additional basis for removal). Thus, the initial Complaint was the "initial pleading" for purposes of § 1446(b)(1).

ADP, however, contends that the time for removal is extended by 28 § 1446(b)(3). That subsection provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Here, however, the original Complaint was removable. Indeed, other than the substitution of ADP for Automatic Data, the Amended Complaint contains the same allegations as the Complaint. At the very least, Automatic Data could have made the same arguments for removal proffered by ADP.[2] The substitution of ADP did nothing to indicate that this lawsuit was any more removable. Thus, § 1446(b)(3) does not

---

[2] ADP argues that Automatic Data could not have made a good faith argument that the Complaint was removable because it is not a check processing company. (See Def.'s Br. in Opp'n to Pls.' Mot. to Remand, at 10.) It is unclear why a defendant must be a check processing company to discover that there was more than $5 million in controversy. In any event, the test under § 1446(b)(3), however, is not whether the original defendant *knew* the initial lawsuit was removable, but whether the initial suit *was* removable. Nothing in the Amended Complaint changes the appropriateness of removal under CAFA. If ADP has a good faith basis for removing the Amended Complaint, Automatic Data had the same good faith basis for removing the original Complaint. Automatic Data failed to do so.

apply. For this reason, the 30 day removal period began on December 22, 2011, the date Automated Data received the Complaint. ADP removed the case 98 days later, on March 29, 2012. Thus, the Defendant's removal was untimely. For this reason, the case is remanded to the State Court of Gwinnett County. The removal was not objectively unreasonable. Therefore, the request for fees and expenses is denied.

B.  Defendant's Motion to Dismiss

Having remanded the case to the State Court of Gwinnett County, the Defendant's Motion to Dismiss [Doc. 5] is moot.

IV. Conclusion

For the reasons set forth above, the Court GRANTS the Plaintiffs' Motion to Remand [Doc. 12] and DENIES as moot the Defendant's Motion to Dismiss [Doc. 5]. This action is REMANDED to the State Court of Gwinnett County.

SO ORDERED, this 4 day of September, 2012.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge